**Clifton CROCKER, Plaintiff–Appellant,**

v.

**CITY OF CLEVELAND; William Williams, Defendants– Appellees.**

No. 01–3705, 01–3732.

United States Court of Appeals, Sixth Circuit.

June 24, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; STEEH, District Judge.*

*ORDER*

Clifton Crocker, an Ohio resident proceeding pro se, appeals the district court

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

order granting summary judgment to the defendants in this case brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a). Because Crocker filed duplicative appeals from the same district court order, appeal No. 01–3705 and appeal No. 01–3732 are hereby consolidated.

Seeking monetary relief, Crocker sued the City of Cleveland, Ohio (Cleveland), and William Williams. Cleveland employed Crocker as a customer service representative at Cleveland Public Power (CPP), and Williams supervised Crocker. In his amended complaint, Crocker alleged that the defendants: (1) discriminated against him on the basis of his disability; (2) retaliated against him for filing a discrimination charge with the Equal Employment Opportunity Commission (EEOC); and (3) wrongfully terminated him after he filed a grievance with his union. Crocker moved to voluntarily dismiss his retaliation cause of action. The parties consented to have the magistrate judge conduct all proceedings in the case. After a period of discovery, the defendants moved for summary judgment. The district court granted the motion and dismissed the case.

In his timely appeal, Crocker argues that: (1) his supervisor refused to comply with the ADA; and (2) the defendants retaliated against him for filing an EEOC charge and a union grievance.

Initially, we note that Crocker moved the district court to voluntarily dismiss his ADA retaliation claim. Accordingly, that issue is not before this court on appeal. We also note that Crocker does not raise his wrongful termination claim on appeal.

Accordingly, he has waived it. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to the defendants. A 1986 car crash left Crocker with serious injuries to his head and body. Crocker began working for CPP in July 1994 and was terminated in January 1999. He filed a complaint with the EEOC in February 1999, alleging an ADA violation. The EEOC found no probable cause and issued Crocker a right-to-sue letter in October 1999. Crocker, through counsel, filed suit in federal district court in January 2000. He alleged that although the supervisor who preceded Williams accommodated Crocker's brain injury, Williams did not. Crocker claimed that Williams harassed him and fired him on trumped-up charges.

■ The defendants were entitled to summary judgment because Crocker did not establish a prima facie case of discrimination, and failed to present evidence that the defendants fired him because of a disability. *See Swanson v. Univ. of Cincinnati,* 268 F.3d 307, 314 (6th Cir.2001). Although Crocker met some of the elements of a prima facie case, he did not show that he was replaced, or that his position remained open while his employer sought other applicants. *See id.*

Moreover, even assuming Crocker presented a prima facie case, the defendants articulated a legitimate, non-discriminatory reason for firing him, and Crocker did not show that this reason was a pretext. *See id.* The defendants presented proof that Crocker made suggestive, inappropriate comments to a customer which resulted in complaints. This incident, combined with Crocker's earlier disciplinary infractions, constituted a legitimate reason for his termination. Crocker presented no evidence that the defendants used the incident as a pretext. *See Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994). He never denied making the comments to the customer, the defendants' documentation consistently showed that they were motivated only by Crocker's behavior on the job, and Crocker's comments to the customer appear to be a sufficient reason to terminate him. In sum, Crocker failed to meet his ultimate burden of presenting evidence on which a jury could reasonably find that the defendants discriminated against him because of a disability.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. Crocker's motion for in forma pauperis status in appeal No. 01–3705 is denied as moot.